IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD RAY TRAPP, JR., ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No.11-3382-CV-S-RED-H |
| ) | |
| JUAN D. CASTILLO, Warden, ) | |
| United States Medical Center ) | |
| for Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for writs of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636 (b). Because petitioner's complaints are without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that respondent has exhibited a deliberate indifference to his serious medical needs.

After a Show Cause Order was entered, the United States filed its response. Thereafter, counsel for petitioner filed a motion to withdraw. Petitioner was afforded the opportunity to file a *pro se* traverse. In the traverse, he reasserted the allegations of his original petition. He contends that the BOP denied him adequate treatment for his abdominal problems, to include pain, bowel perforations, abscesses, and infection. It is his contention that the government is displaying deliberate indifference and inflicting cruel and unusual punishment by its refusal to perform what

he believes is a vital abdominal surgery to correct his bowel condition.

Despite petitioner's complaints, there is nothing in the record to indicate that respondent has been deliberately indifferent to his serious medical needs. A review of the record indicates that Medical Center staff have evaluated and treated petitioner's abdominal problems, including continuous monitoring of his condition, administering antibiotics, and recommending him for evaluations by consultants, including a colorectal surgeon. According to the record, petitioner apparently grew impatient with waiting for that appointment, and engaged in self-mutilating behavior to draw attention to his problem. Specifically, he took two pieces of metal and inserted them into this stomach. He was taken to an outside local hospital for emergency treatment where he was referred for a consultation with the trauma surgeon, who removed the foreign body from his abdomen. The surgeon's report noted that plaintiff had engaged in self-mutilating behavior multiple times in the past, that he had had multiple intra-abdominal surgeries, and had had a large portion of the small intestine removed, which caused poor absorption of nutrients. He opined that he was not a proper candidate for abdominal surgery, due to the high risk of unfavorable outcomes, including death. The surgeon recommended that he be returned to the Medical Center, with monitoring for signs of infection. The colorectal surgeon reviewed petitioner's chart, including the report from the trauma surgeon, and agreed with his plan for care and treatment. Petitioner was advised of this report and of that fact that both doctors viewed any exploratory abdominal surgery as placing him at a high risk of death. It was noted by Medical Center staff that after petitioner returned from the hospital, he was observed on several occasions during a month-long period doing extensive exercising, including abdominal crunches, abdominal strengthening exercises, and walking for long periods with no apparent distress. He had been advised not to engage in such activities until his wound had healed. Petitioner's primary care physician at the Medical Center discussed his case

with a consultant infectious disease specialist, who recommended a CT scan of petitioner's abdomen, and agreed to see him for a consultation. The CT was performed and revealed improvements since the previous exam. Petitioner was then seen by the consultant infectious disease specialist at the local hospital, who rendered the opinion that his problem could not be corrected with antibiotics and recommended surgical evaluation. His primary care physician called the consultant surgeon, who opined that he nor anyone else had anything to offer petitioner. He restated his opinion that surgery would be unsafe for petitioner, and declined to perform any elective surgery on him because of the high risks, including death, that surgery could pose for him. The record indicates that petitioner, at the time period in question, was stable, in open population, attended mainline meals and recreated on his own.

Having fully reviewed the record in this case, the Court finds that petitioner has failed to establish a constitutional violation due to a denial of serious medical care. Estelle v. Gamble, 429 U.S. 97, 106, reh'g denied, 429 U.S. 1966 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). The record indicates that petitioner's medical complaints have been thoroughly addressed by Medical Center staff and specialists in the local community. The consulting surgeons indicated that the surgery petitioner is requesting could lead to his death. While petitioner disagrees with the treatment he has received, a mere disagreement concerning the course of medical treatment does not establish a claim under the Eighth Amendment. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Therefore, it must be recommended that his petition for habeas corpus relief be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues

presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

          /s/ James C. England
          JAMES C. ENGLAND
           UNITED STATES MAGISTRATE JUDGE

Date:  4/24/12

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.